UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS PIERRE JACKSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHRISTOPHER GORDY, Warden, et )<br>al., )<br>)<br>Respondents. ) | Case No.  5:17-cv-01903-MHH-SGC |

## MAGISTRATE JUDGE'S SUBSTITUTE
## REPORT AND RECOMMENDATION

The undersigned's February 9, 2018 report and recommendation (Doc. 4) is **WITHDRAWN**, and this report is **SUBSTITUTED** in its place.  Accordingly, the petitioner's March 26, 2018 objections (Doc. 7) to the earlier report and recommendation are **MOOT**.

Petitioner, Marcus Pierre Jackson, initiated this matter by filing a pleading styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, dated as signed on November 8, 2017.  (Doc. 1).[1]  Petitioner challenges his 2013 convictions in Madison County, Alabama, for first-degree sodomy and first-degree sexual abuse of a child under twelve.  (*Id.* at 1-2; Doc. 8 at 3-10).  As explained

---

[1] Citations to the record in the instant case will refer to the document and page numbers assigned by the court's CM/ECF electronic document management system in the following format:  (Doc. __ at __).  Citations to the CM/ECF record in Petitioner's previous § 2254 petition, *Jackson v. State of Alabama*, No. 14-2073-MHH-SGC (N.D. Ala. *closed* Dec. 15, 2017) (the "2014 Petition") will appear in the following format:  (2014 Doc. __ at __).

below: (1) this action, including the pending motion to amend (Doc. 8), should be construed as a motion to amend Petitioner's 2014 Petition challenging the same convictions; and (2) thus construed, Petitioner's attempts to amend the 2014 Petition should be denied.

## I.   PROCEDURAL HISTORY

On May 13, 2013, Petitioner pled guilty to two counts of first-degree sodomy and two counts of first-degree sexual abuse in *Jackson v. State of Alabama,* No. CC-2012-1890 (Madison Cty. Cir. Ct. *sentence imposed* July 29, 2013). (*See* Doc. 1 at 1-2). These are the same convictions Petitioner challenged in the 2014 Petition. The 2014 Petition asserted claims for: (1) ineffective assistance of trial counsel; (2) "exculpatory evidence withheld"; and (3) "factual/actual innocence." (2014 Doc. 4 at 5).[2] On November 8, 2017, the undersigned entered a report recommending the 2014 Petition be dismissed as unexhausted and procedurally defaulted. (2014 Doc. 17). Specifically, the undersigned concluded Petitioner had not properly presented any claims to the Alabama Supreme Court. (*Id.* at 5). Petitioner did not object. On December 15, 2017, the district judge adopted the report and accepted the recommendation; the

---

[2] After the undersigned entered a notice of deficient pleading regarding the initial 2014 Petition, Petitioner filed an amended petition. (2014 Doc. 4; *see* 2014 Doc. 3). This amended petition incorporated the original petition, and the court considered the substance of both documents. (2014 Doc. 17). For the sake of clarity, the instant report refers to both documents' combined substance as the "2014 Petition."

court dismissed the 2014 Petition as unexhausted and procedurally defaulted and denied a certificate of appealability. (2014 Docs. 18, 19).

Petitioner dated the instant petition as signed on November 8, 2017, the same day the undersigned entered the report and recommendation regarding the 2014 Petition. The instant petition asserts Petitioner's convictions were obtained via an involuntary guilty plea and violate double jeopardy principles. (Doc. 1 at 5, 7). The Clerk's Office received the instant petition on November 13, 2017, and received the required filing fee on November 28, 2017, both of which occurred prior to the adjudication of the 2014 Petition.

On February 9, 2018, the undersigned entered the now-withdrawn report, construing the instant petition as a motion to amend the 2014 Petition and recommending it be denied as futile due to lack of exhaustion and procedural default—the same rationale on which the 2014 Petition was dismissed. (Doc. 4). The court received Petitioner's objections on March 26, 2018. (Doc. 7). No further activity occurred until nearly eight months later, when Petitioner filed a "Motion to Amend Pleadings" on November 21, 2018. (Doc. 8).

The motion to amend: (1) agreed the instant petition was properly construed as a motion to amend the 2014 Petition; and (2) sought to substitute the claims originally presented in the instant petition with three claims for ineffective assistance of trial counsel. (Doc. 8). Noting Petitioner was unrepresented during

3

his initial post-conviction collateral attack in the state sentencing court, the motion contends the ineffective assistance claims are not procedurally defaulted under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.* at 2-3).

## II. FACTS

On May 13, 2013—the day trial was set in the Circuit Court of Madison County, Alabama—Petitioner pled guilty to two counts of first-degree sodomy and two counts of first-degree child sexual abuse. (Doc. 1 at 1-2; *see* 2014 Doc. 1 at 4; 2014 Doc. 4 at 2; 2014 Doc. 10 at 2). Review of the state court record reveals that, prior to the day of trial, the state had offered Petitioner a plea deal under which he would receive a twenty-year sentence, split with five to serve (the "Split Sentence"). (*See* 2014 Doc. 10-4 at 38). Petitioner rejected that plea offer. (*Id.*). On the day of trial, following the Sentencing Court's denial of a motion to suppress an audio recording of Petitioner's confession, Petitioner indicated he would enter a blind plea. (*See id.* at 38-43; 2014 Doc. 10-3 at 23-40). After initially pleading not guilty to all counts during the change of plea hearing, Petitioner again requested to change his plea. (2014 Doc. 10-3 at 28). At that point, the Sentencing Court explained the potential sentences Petitioner faced. (2014 Doc. 10-3 at 28-29).[3]

The Sentencing Court explicitly discussed the uncertainty of the sentence to be imposed if Petitioner pled guilty. (2014 Doc. 10-3 at 29) ("although I do not

---

[3] As explained in more detail below, the Sentencing Court's description of the applicable sentences was incorrect in that it exaggerated the potential minimum penalties.

know what I would sentence you to, [] *the sentence could range up to life . . .* [o]r effectively life. Because each sentence could run end-to-end, I could sentence you to twenty years on Count 1. Then, you would serve twenty years on Count 2 *or more*.") (emphasis added). Petitioner stated he understood. (*Id.*). The Sentencing Court also explicitly noted a guilty plea would render Petitioner ineligible for parole. (*Id.*) ("And you understand that it is day-for-day. There is no parole. There is no good time. There is no probation."). Again, Petitioner stated he understood. (*Id.*). Petitioner proceeded to plead guilty.

Petitioner was sentenced to fifty (50) years imprisonment on each of the sodomy charges and twenty (20) years on each of the sexual abuse charges, with all sentences to run concurrently. (Doc. 1 at 2; *see* 2014 Doc. 4 at 2; 2014 Doc. 10 at 2). Petitioner appealed his conviction on the ground that the Sentencing Court abused its discretion in denying his motion to withdraw the guilty plea. (Doc. 1 at 2; 2014 Doc. 10-5 at 6-11). The Alabama Court of Criminal Appeals affirmed on January 31, 2014 (Doc. 1 at 2; 2014 Doc. 10-7), and denied Petitioner's application for rehearing on March 21, 2014 (Doc. 1 at 3; 2014 Doc. 10-9). Petitioner filed a petition for writ of *certiorari*, which the Alabama Supreme Court struck on April

9, 2014.  (Doc. 1 at 3-4; 2014 Doc. 10-11).[4]  Petitioner did not further pursue his direct appeal.  (*See* 2014 Doc. 10 at 3).

After he filed the 2014 Petition, Petitioner filed a petition pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* in the Sentencing Court, dated as signed on November 30, 2015.  *Jackson v. State of Alabama,* No. CC-2012-1890.60 (Madison Cty. Cir. Ct. *dated* Nov. 30, 2015), Doc. 118. The Rule 32 petition asserted two claims: (1) a double jeopardy violation; and (2) breach of the plea agreement.  *Id.*  The sentencing court denied the Rule 32 petition on December 13, 2016.[5]  *Id.* at Doc. 148.   Petitioner appealed, but on February 23, 2017, the Court of Criminal Appeals dismissed the appeal as untimely filed and issued a Certificate of Judgement.  *Id.* at Doc. 157.

The motion to amend pending in the instant action seeks to assert three claims of ineffective assistance of trial counsel concerning Petitioner's guilty plea and sentencing.  (Doc. 8).  Generally, these claims concern trial counsel's failure: (1) to object to the Sentencing Court's inaccurate description of the applicable

---

[4] Due to a clerical error, the Alabama Court of Criminal Appeals did not enter a certificate of judgment until April 5, 2016.  *See Jackson v. State of Alabama*, No. CR-15-0572 (Ala. Crim. App. *entered* May 24, 2016), Doc. 135 at 1.

[5] The sentencing court initially denied the Rule 32 petition on January 27, 2016.  *Jackson*, No. CC-2012-1890.60 at Doc. 123; *see id.* at Doc. 135.  Because of the aforementioned delay in the entry of the Certificate of Judgment on the criminal conviction, the sentencing court's initial denial of the Rule 32 petition actually preceded the date on which Petitioner's criminal conviction became final.  *See id.* at Doc. 135.  Accordingly, the Court of Criminal Appeals found the sentencing court lacked jurisdiction to adjudicate the Rule 32 petition.  *Id.*  The sentencing court subsequently revisited and denied the Rule 32 petition.  *See id.* at Doc. 142.

sentencing ranges during the change of plea hearing; (2) to inform Petitioner that, due to the nature of the crimes, he would not be eligible for parole if convicted; and (3) to object to and move to withdraw the guilty plea. (*Id.* at 3-10).

### III. DISCUSSION

After discussing the proper construction of the instant petition, this report turns to the merits of Petitioner's claims for ineffective assistance of counsel. Included in this discussion is the ineffective assistance claim presented in the 2014 Petition because: (1) this action should be treated as a motion to amend the 2014 Petition; (2) the 2014 Petition asserted an ineffective assistance claim which was dismissed as procedurally defaulted; and (3) the motion to amend pending in the instant action asserts Petitioner's procedural default on his ineffective assistance claims is excused under *Martinez*.

#### A. <u>**This Petition is Actually a Motion to Amend the 2014 Petition**</u>

Although a final judgment has since been entered in the 2014 Petition, it remained pending at the time Petitioner filed the instant petition. Accordingly, the instant petition does not appear to run afoul of § 2244(b)'s bar on second or successive petitions. *See United States v. Terrell*, 141 F. App'x 849, 851–52 (11th Cir. 2005). Rather, when a second habeas petition is filed while the first petition concerning the same state conviction remains pending, the Eleventh Circuit has held that the second petition should be construed as an amendment to the original

petition. *Id.* (citing *Ching v. United States*, 298 F.3d 174, 175-77 (2d. Cir. 2002)); *Smith v. Giles*, No. 2013 WL 6145649 (M.D. Ala. *entered* Nov. 21, 2013); *United States v. Camejo-Rodriquez*, 413 F. App'x 158, 160 (11th Cir. 2001). Although *Terrell* and *Camejo-Rodriquez* arose in the context of motions to vacate pursuant to 28 U.S.C. § 2255, the rationale applies to § 2254 petitions as well. *See Terrell*, 141 F. App'x at 851-52.

Petitioner also makes a colorable argument that, under *Martinez* and its progeny, because the Sentencing Court did not appoint counsel to represent him during the Rule 32 Petition, his claims for ineffective assistance of trial counsel are not subject to dismissal under the doctrine of procedural default. 566 U.S. at 9. However, the Supreme Court noted a petitioner attempting to assert an otherwise defaulted claim under *Martinez* "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Id.* at 14.

Accordingly, the instant petition is properly construed as a motion to amend the 2014 Petition. Because *Martinez* only applies to claims for ineffective assistance of trial counsel, any other claims presented by Petitioner are procedurally defaulted. Consequently, this report analyzes Petitioner's ineffective assistance claims presented: (1) in the motion to amend pending in the instant

action; and (2) in the 2014 Petition. As explained below, all of these claims fail on the merits.

### B. Petitioner's Ineffective Assistance Claims are Without Merit

The Supreme Court has held "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Holmes v. United States,* 876 F.2d 1545, 1551 (11th Cir. 1989) (quoting *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)). To satisfy this test, a petitioner bears the burden of showing "not only that counsel's representations fell below an objective standard of reasonableness, but also that he was prejudiced by counsel's unprofessional errors." *Id.* (citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984)).

Counsel's performance is assessed "under prevailing professional norms," "considering all the circumstances," and "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 688-90. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In fact, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* In order to satisfy the prejudice requirement in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. The

9

Eleventh Circuit has held "a petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*." *Roach v. Roberts,* 373 F. App'x 983, 985 (11th Cir. 2010).  A court "need not address the performance prong of the test if the defendant cannot meet the prejudice prong, or vice versa."  *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted).

The foregoing standard is applied to each of Petitioner's ineffective assistance claims in turn.

### 1. Sentencing Range

The first ineffective assistance claim presented in the motion to amend concerns the Sentencing Court's statements regarding the potential sentences Petitioner faced if he pled guilty.  (Doc. 8 at 3-5).  Specifically, during the change of plea hearing, the Sentencing Court stated the minimum sentence for first-degree sodomy was twenty (20) years and noted "the sentence could range up to life . . . [o]r effectively life."  (2014 Doc. 10-3 at 28-29; *see* Doc. 8 at 4).  In reality, the minimum sentence for first-degree sodomy under Alabama law is ten (10) years, with a maximum of ninety-nine (99) years.  ALA. CODE §§ 13A-5-6(a)(1), 13A-6-63.  Similarly, the Sentencing Court overstated the potential sentence applicable to first-degree sexual abuse of a child under twelve, stating it carried a minimum sentence of ten (10) years.  (2014 Doc. 10-3 at 29).  The sentencing range is

actually between two (2) and twenty (20) years.  ALA. CODE §§ 13A-5-6(a)(2), 13A-6-69.1.

Petitioner contends trial counsel's failure to object to the Sentencing Court's inaccurate statements regarding his potential sentence constitutes ineffective assistance of counsel.  (Doc. 8 at 3-5).  The problem with Petitioner's argument is that he cannot show prejudice.  The Sentencing Court overestimated the minimum sentence Petitioner would face if he pled guilty.  Petitioner pled guilty nonetheless.  Effectively, the Sentencing Court told Petitioner the lowest sentence he could receive was twenty years when the minimum was actually ten years.  It defies logic to suggest Petitioner would not have pled guilty, and instead would have insisted on going to trial, if the Sentencing Court had accurately told him he faced a lower mandatory minimum sentence.  *See Hill,* 474 U.S. at 59.  Accordingly, Petitioner cannot show prejudice, and this claim is without merit.

### 2. Availability of Parole

The second ineffective assistance claim Petitioner asserts in the motion to amend concerns trial counsel's failure to inform him that, if convicted of first degree sodomy and/or sexual abuse of a child under twelve, he would be ineligible

for parole under ALA. CODE § 15-22-27.3. (Doc. 8 at 6-8). Petitioner contends this failure made his guilty plea unknowing, violating his due process rights. (*Id.* at 7).[6]

This claim fails to satisfy either prong of the *Strickland* standard. As to performance, the undersigned has previously noted:

> In *Hill*, the Supreme Court expressly declined to decide whether the provision of erroneous advice as to a criminal defendant's parole eligibility amounts to constitutionally ineffective assistance of counsel that renders a guilty plea involuntary. *See* 474 U.S. at 60. After *Hill,* lower courts were nearly unanimous in holding that an attorney's failure to advise a criminal defendant of collateral consequences associated with his guilty plea, such as parole eligibility, could not form the basis of a Sixth Amendment ineffective assistance of counsel claim. *See Chaidez v. United States,* 133 S. Ct. 1103, 1109 (2013) (collecting cases). Some courts distinguished between a failure to inform and the provision of misinformation. *See* Gabriel J. Chin & Richard W. Holmes, Jr., *Effective Assistance of Counsel and the Consequences of Guilty Pleas,* 87 Cornell L. Rev. 697, 735 (2002) (collecting cases). The Eleventh Circuit has acknowledged this distinction. *See Holmes v. United States,* 876 F.2d 1545, 1552, 1552 n.8 (11th Cir. 1989) (recognizing distinction between failing to inform and giving misinformation, while leaving open question of what circumstances may exist under which erroneous advice as to parole eligibility may be constitutionally ineffective assistance of counsel); *Pickard v. Thompson,* 170 Fed. App'x 86, 87 n.2 (11th Cir. 2006) (noting that case before it, where petitioner claimed his attorney did not inform him of his parole eligibility, was substantially different than case where petitioner claims he was given misinformation about parole); *Brooks v. United States,* 248 Fed. App'x 77, 82 (11th Cir. 2007) (holding that district court did not err by rejecting movant's ineffective assistance of counsel claim because allegations regarded

---

[6] Petitioner also expresses confusion regarding the consequences of the blind plea. It appears Petitioner claims he thought he would receive the Split Sentence after entering the blind plea. (Doc. 8 at 7). As previously explained: (1) Petitioner had already rejected the plea agreement providing for the Split Sentence; and (2) the Sentencing Court explained—and Petitioner stated he understood—the sentence could effectively range up to life.

>attorney's failure to inform movant as to parole eligibility, not provision of misinformation).

*Fields v. Hetzel*, No. 12-02912-WMA-SGC, 2015 WL 5608191, at *4 (N.D. Ala. Sept. 1, 2015), *report and recommendation adopted* Sept. 23, 2015, 2015 WL 5579656.

Notably, the petitioner in *Fields* alleged his attorney affirmatively stated he would be eligible for parole within three to five years, when in fact he would not be eligible for fifteen years. *Id.* at *2-*3. Here, Petitioner does not allege trial counsel misadvised him regarding parole eligibility. Instead, Petitioner merely claims trial counsel failed to inform him he would not be eligible for parole if he pled guilty to first-degree sodomy and sexual abuse of a child. (Doc. 8 at 6-8). As this court and the Eleventh Circuit have found, this allegation is insufficient to show trial counsel's performance was constitutionally deficient. *Brooks,* 248 F. App'x at 82 (affirming dismissal of ineffective assistance claim where petitioner merely alleged failure to inform him of parole ineligibility); *Pickard,* 170 F. App'x at 87 n.2 (affirming dismissal of ineffective assistance claim and noting distinction between attorney's silence and affirmative misinformation regarding parole eligibility).[7]

---

[7] More generally, this result comports with other precedent from this circuit holding an attorney's erroneous estimation of the duration of a sentence does not constitute ineffective assistance of counsel. *Scarboro v. U.S*, No. 10-61964, 2012 WL 5271726, *14 (S.D. Fla. Sept. 17, 2012). Similarly, an erroneous prediction of a more lenient sentence does not somehow render a guilty plea unknowing or involuntary. *U.S. v. Pease*, 240 F.3d 938, 940-42 (11th Cir. 2001).

13

Petitioner's claim regarding parole eligibility also fails to satisfy the prejudice prong of *Strickland* for at least two independently sufficient reasons. First, as with Petitioner's other claims, his unadorned allegation that he would have refused to plead guilty had counsel informed him of his parole ineligibility (Doc. 8 at 8) is insufficient to show prejudice. *See Roach,* 373 F. App'x at 985 ("We have stated that a petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*."). Moreover, any prejudice Petitioner could claim was cured by the Sentencing Court's explicit warning that, if he pled guilty, he would serve his sentence day-for-day and would not be eligible for parole, probation, or good time credit. *See Barrow v. Gordy*, No. 18-0463-LSC-HNJ, 2019 WL 424747, at *2 (N.D. Ala. Feb. 4, 2019) (denying ineffective assistance claim based on misinformation regarding parole or work release eligibility where, during the plea colloquy, the sentencing court noted petitioner faced a "day-for-day sentence"). Additionally, Petitioner stated on the record that he understood he would serve the entire duration of whatever sentence was imposed. *See Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977) (defendant's representations during plea colloquy "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity").

For the foregoing reasons, Petitioner's claim based on parole ineligibility is without merit.

### 3. Objection or Withdrawal of Guilty Plea

The final claim presented in Petitioner's motion to amend is that trial counsel was ineffective for failing to object to the guilty plea or move to withdraw it because the Sentencing Court "had rejected portions of the plea agreement." (Doc. 8 at 8-10). This claim rests entirely on Petitioner's ineligibility for parole. (*Id.* at 9). Accordingly, this claim fails for the same reasons discussed in the preceding section. Additionally, Petitioner does not identify any specific portions of any plea agreement the Sentencing Court rejected. Finally, this claim is belied by the record, which reveals trial counsel did file a timely motion to withdraw Petitioner's guilty plea, which was denied after a hearing. (2014 Doc. 10-2 at 17-18; 2014 Doc. 10-4 at 22-59; *see* 2014 Doc. 1 at 4-5).

For the foregoing reasons, Petitioner's claim concerning trial counsel's failure to object to or move to withdraw the guilty plea is without merit.

### 4. 2014 Petition Claim

Finally, the undersigned addresses the ineffective assistance claim asserted in the 2014 Petition because it was dismissed as procedurally defaulted and the motion to amend here calls for the application of *Martinez*. The 2014 Petition generally alleged ineffective assistance of counsel due to the failure to

communicate with Petitioner, devise a defense strategy, prepare for trial, move to withdraw the guilty plea, or object to the presentence report. (2014 Doc. 1 at 3-10). Somewhat more specifically, Petitioner alleges trial counsel: (1) did not provide him with unidentified police reports and other motions Petitioner requested; (2) did not sufficiently discuss the case or prepare for trial; (3) waived a preliminary hearing without consulting Petitioner; (4) secured the Split Sentence plea offer and encouraged Petitioner to take the deal; (5) failed to prevail on a motion to suppress Petitioner's confession; (6) coerced Petitioner to enter a blind plea; and (7) failed to inform Petitioner of what information is generally contained in a pre-sentence investigation ("PSI") report and failed to object to the PSI report. (*Id.*).

Petitioner's vague allegations fail to satisfy *Strickland's* requirements. The majority of the ineffective assistance claim in the 2014 Petition recites the applicable legal standards and does not provide specific examples of allegedly deficient performance, much less how Petitioner was prejudiced. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1332-34 (11th Cir. 2012) ("vauge and conclusory allegations" regarding deficient trial and sentencing preparation failed to show either deficient performance or prejudice under *Strickland*); *Borden v. Allen*, 646 F.3d 785, 811-12 (11th Cir. 2011) ("bare allegations and mere conclusions of law" insufficient to show prejudice) (alterations incorporated);

16

*Powell v. Allen*, 602 F.3d 1263, 1272-74 (11th Cir. 2010) (failure to allege mitigating circumstances effective counsel would have discovered was fatal to claim under *Strickland*); *Price v. Allen*, 679 F.3d 1315, 1325-26 (11th Cir. 2012) (general allegations of evidence witnesses would have provided was insufficient to show prejudice at sentencing).

Indeed, Petitioner's most specific allegation is that trial counsel was able to elicit the Split Sentence plea deal, which he advised Petitioner to accept. A review of the record reveals this was sound advice, even without the benefit of hindsight. Simply put, the 2014 Petition fails to sufficiently allege any instance of constitutionally deficient performance, much less any prejudice. Neither does the record reveal that trial counsel was ineffective, particularly in light of Petitioner's burden under the applicable standard. For the foregoing reasons, the ineffective assistance claim asserted in the 2014 Petition is without merit.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** this action, as amended by the pending motion to amend, be **CONSTRUED** as a motion to amend the 2014 Petition, which was pending at the time the instant petition was filed. Thus construed, the undersigned **FURTHER RECOMMENDS** Petitioner's efforts to amend the 2014 Petition be **DENIED**, and all ineffective assistance claims presented in the instant action be **DENIED** and **DISMISSED WITH**

**PREJUDICE**. To the extent the motion to amend in this matter relies on *Martinez* to revive the ineffective assistance claim in the 2014 Petition, the undersigned **RECOMMENDS** the motion be **DENIED** because that claim is devoid of merit. Finally, the undersigned **RECOMMENDS** that any remaining claims arising under any theory other than ineffective assistance of counsel be **DENIED** and **DISMISSED WITH PREJUDICE** as procedurally defaulted.

Additionally, to the extent a certificate of appealability may be required pursuant to Rule 11 of the *Rules Governing Section 2254 Proceedings*, the undersigned **RECOMMENDS** it be **DENIED**. *See* 28 U.S.C. § 2253(c)(2). Based on the foregoing discussion, Petitioner cannot "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted).

## V.   NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.

Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments. An objecting party must serve a copy of its objections on each other party to this action.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1. An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that

record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

The Clerk is **DIRECTED** to provide a copy of this report to Petitioner at his current address and to counsel for the Respondent in *Jackson v. State of Alabama*, 5:14-cv-02073-MHH-SGC (N.D. Ala. *closed* Dec. 15, 2017).

**DONE** this 7th day of March, 2019.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE