# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS PIERRE JACKSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER GORDY, Warden, et ) <br> al., ) <br> ) <br> Respondents. ) | Case No. 5:17-cv-01903-MHH-SGC |

## MEMORANDUM OPINION

On March 7, 2019, the magistrate judge entered a report and recommendation. (Doc. 10). In the report, the magistrate judge recommended that the Court regard this matter as a motion to amend Mr. Jackson's prior petition in *Jackson v. State of Alabama*, No. 14-2073-MHH-SGC and that the Court deny the amended petition. (Doc. 10).[1] On April 3, 2019, Mr. Jackson filed objections to the report and recommendation and a motion to amend. (Docs. 13, 14).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] Citations to the record in this case will refer to the document and page numbers assigned in the Court's CM/ECF electronic document management system in the following format: (Doc. __ at __). Citations to the CM/ECF record in *Jackson v. State of Alabama*, No. 14-2073-MHH-SGC (N.D. Ala. *closed* Dec. 15, 2017) (the "2014 Petition") will appear in the following format: (2014 Doc. __ at __). The 2014 Petition was pending when Mr. Jackson filed this matter by submitting a document signed on November 8, 2017. (C*ompare* Doc. 1 *with* 2014 Doc. 19).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A district court reviews for plain error proposed factual findings to which no objection is made, and a district court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

This matter concerns Mr. Jackson's May 13, 2013 guilty plea on two counts of first-degree sodomy and two counts of first-degree sexual abuse in *Jackson v. State of Alabama,* No. CC-2012-1890 (Madison Cty. Cir. Ct. 2013). (*See* Doc. 1 at 1-2). Mr. Jackson entered a guilty plea and received a fifty-year sentence.[2] Mr. Jackson challenged his conviction in the 2014 Petition. Because the 2014 Petition was pending when Mr. Jackson filed this matter, the magistrate judge properly treated Mr. Jackson's submission in this case as a motion to amend the 2014 Petition. *See United States v. Terrell*, 141 Fed. Appx. 849, 851–52 (11th Cir. 2005) (citing

---

[2] The details of the sentence appear on page 5 of Doc. 10.

*Ching v. United States*, 298 F.3d 174, 175-77 (2d Cir. 2002)); *United States v. Camejo-Rodriquez*, 413 Fed. Appx. 158, 160 (11th Cir. 2001). Mr. Jackson seeks relief based on alleged ineffective assistance of counsel.

I.   **MR. JACKSON'S OBJECTIONS**

Mr. Jackson objects to the magistrate judge's analysis of the merits of his ineffective assistance of counsel claims on several grounds. First, he argues that the Court should presume prejudice based on his attorney's failure to object when, during the plea colloquy, the sentencing court overstated the minimum sentences for the charges pending against Mr. Jackson. (Doc. 13, pp. 1-3). The record in this case does not provide a basis for presumed prejudice.

As the magistrate judge explained, to show prejudice in the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). It is undisputed that, during the plea colloquy, the sentencing court misstated the mandatory minimum sentences under Alabama law for first-degree sodomy and first-degree sexual abuse of a child, and Mr. Jackson's attorney did not object. As to sodomy, the sentencing court stated the minimum sentence was 20 years. (2014 Doc. 10-3 at 28-29; *see* Doc. 8 at 4). The actual penalty range for first-degree sodomy is 10 to 99 years. ALA. CODE §§ 13A-5-6(a)(1), 13A-6-63. Similarly, the sentencing court stated the minimum

3

sentence for first-degree sexual assault was ten years; the actual sentencing range is between two and ten years. (Doc. 10-3 at 29); ALA. CODE §§ 13A-5-6(a)(2), 13A-6-69.1.

But it also is undisputed that the sentencing court advised Mr. Jackson: "although I do not know what I would sentence you to, that the sentence could range up to life" or "effectively life." (2014 Doc. 10-3 at 29). That is a correct statement of Alabama law; the statutory maximum for first-degree sodomy is 99 years. (Doc. 10, p. 10). Thus, Mr. Jackson made the decision not to go to trial knowing that he faced a possible lifelong sentence. Although Mr. Jackson may have risked trial if he believed he faced no more than a ten-year sentence for first-degree sodomy, the more serious of the two types of charges against him, Mr. Jackson had no reason to believe that he would face only a minimum sentence. Mr. Jackson told the sentencing judge that he understood that he faced a potential lifelong sentence. (2014 Doc. 10-3 at 29). Given that Mr. Jackson knew that he faced a potential lifelong sentence, Mr. Jackson must demonstrate that there is a reasonable probability that, but for his attorney's failure to object to the inaccurate information concerning the applicable minimum sentence, he would not have pleaded guilty and instead would have gone to trial. Mr. Jackson has not carried this burden.

For his second objection, Mr. Jackson restates his argument that his attorney was ineffective in failing to make clear to him that the terms offered in an early

4

proposed plea agreement – terms that included eligibility for probation or parole – did not carry over to his blind plea of guilty the day his trial was scheduled to begin. (Doc. 13, p. 3). As the magistrate judge explained, the prosecution offered a plea deal including a split sentence prior to trial, but Mr. Jackson, against the advice of counsel, declined the offer. (Doc. 10 at 4-5, 17). The magistrate judge correctly held that Mr. Jackson cannot demonstrate prejudice concerning his attorney's failure to explain to him that he would not be eligible for probation or parole if he entered a guilty plea on the day of trial because the sentencing judge told him just that. The sentencing judge stated that if Mr. Jackson entered a plea of guilty, his sentence would be "day-for-day. There is no parole. There is no good time. There is no probation." (2014 Doc. 10-3 at 29). Mr. Jackson replied, "Yes, ma'am. I understand." (2014 Doc. 10-3 at 29). Under these circumstances, Mr. Jackson cannot show the prejudice required to sustain a claim for ineffective assistance of counsel.[3]

Finally, Mr. Jackson contends that the sentencing judge was incorrect when she stated that he was not eligible for probation, and his attorney was ineffective because he did not object, and he did not ask the sentencing judge to allow Mr. Jackson to withdraw his guilty plea. This objection is not persuasive because if the

---

[3] Because it would be irrelevant, the Court denies Mr. Jackson's request for production of documents concerning the terms of the plea agreement that he rejected. (Doc. 15).

sentencing judge was mistaken, the mistake benefits Mr. Jackson. Because Mr. Jackson entered a guilty plea believing that he would not be eligible for probation, he cannot demonstrate that he would have refused to plead guilty had he known that he would be eligible for parole. That does not make sense. Moreover, as the magistrate judge explained, Mr. Jackson's attorney did ask the sentencing court to allow Mr. Jackson to withdraw his guilty plea. (2014 Doc. 10-2 at 17-18). Mr. Jackson signed the motion to withdraw guilty plea. (2014 Doc. 10-2 at 18). The sentencing court denied the motion. (Doc. 10, p. 15). Consequently, Mr. Jackson cannot establish prejudice.

For these reasons, the Court overrules Mr. Jackson's objections to the report and recommendation.

## II. MOTION TO AMEND

Mr. Jackson has filed a motion to amend his habeas petition again. (Doc. 14). Mr. Jackson contends his guilty pleas are invalid because of trial counsel's alleged failure to explain the elements of first-degree sodomy and first-degree sexual abuse. The Court denies the motion because it is futile. To enter a constitutionally valid guilty plea, a defendant must receive "real notice of the true nature of the charge made against him." *Henderson v. Morgan,* 426 U.S. 637, 645 (1976). Due process is satisfied if "the record establishes that the defendant has been informed of the elements of the offense by the time he enters his plea." *Massey v. Warden*, 733 Fed.

6

Appx. 980, 989 (11th Cir. 2018) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). A defendant's understanding of an offense may be established where, prior to pleading guilty, the prosecution describes a factual basis satisfying the elements of the crime. 733 Fed. Appx. at 990.

Mr. Jackson pleaded guilty to two counts of first-degree sodomy and two counts of first-degree sexual abuse committed against a nine-year-old boy. The prosecutor stated the factual basis of each offense before Mr. Jackson entered his guilty plea. (2014 Doc. 10-3 at 33-39). As to the first count of sodomy, the prosecutor stated the evidence would show that Mr. Jackson performed oral sex on the victim. (2014 Doc. 10-3 at 33). As to the second count of sodomy, the prosecutor explained the evidence would show that Mr. Jackson placed his penis into the victim's rectum. (2014 Doc. 10-3 at 35). As to the two counts of sexual abuse, the prosecutor explained the evidence would show Mr. Jackson fondled the victim's genitals. (2014 Doc. 10-3 at 36-38). Immediately after hearing each of these clear descriptions of the factual bases of the offenses, Mr. Jackson pleaded guilty to each count. (*Id.* at 33, 35, 37, 38). The record conclusively shows that Mr. Jackson's guilty plea was constitutionally valid. *Henderson*, 426 U.S. at 645; *Massey*, 733 Fed. Appx. at 989. Accordingly, the Court denies the motion to amend as futile.

## III. CONCLUSION

After careful consideration of the record and report and recommendation (Doc. 10), the Court overrules Mr. Jackson's objections, accepts the magistrate judge's recommendation, and construes the pending petition as a motion to amend the 2014 Petition, which was pending when Mr. Jackson filed the petition in this matter. The Court rejects all of Mr. Jackson's ineffective assistance of counsel arguments. The Court denies Mr. Jackson's motion to amend (Doc. 14) and his motion for production of documents. (Doc. 15). The Court will not issue a certificate of appealability.

A separate order will be entered.

**DONE** this 30th day of August, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE